T.C. Summary Opinion 2007-86


UNITED STATES TAX COURT


BRUCE MILLARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4971-05S.                    Filed May 29, 2007.


<u>James J. Lombardi III</u>, for petitioner.

<u>Nina P. Ching</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1] Section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period.  Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioner is entitled to trade or business expense deductions in excess of the amounts allowed by respondent.  Agreements between the parties allow resolution of the issue to depend entirely upon the extent to which petitioner can substantiate the expenditures that underlie those deductions.[2]

## Background

Some of the facts have been stipulated and are so found.  At the time the petition was filed, petitioner resided in Jamaica Plain, Massachusetts.

During the year in issue, petitioner was employed in various ways relating to the music industry.  He was self-employed as a music teacher[3] and performance artist.  He also taught students as an employee for the Brookline Music School (Brookline).  As a self-employed music teacher, petitioner provided music lessons to his students (petitioner's private students) either at a music studio in Milford, Massachusetts, or at petitioner's residence. Music lessons for some of the students that petitioner taught as an employee of Brookline (Brookline's students) were conducted

_____

[2] There are no disputes between the parties regarding the technical applications of the relevant provisions of the Internal Revenue Code, including secs. 162, 274, 280A, and 280F.

[3] Petitioner instructed students learning to play various stringed instruments, including the guitar and mandolin.

either at Brookline's facility, or as in the case of his private students, at petitioner's residence.

Petitioner also performed roughly four to eight times per month during 2001, generally at small clubs, but occasionally at music festivals. From time to time he was also hired to be a "side man," which required that he accompany groups of musicians on out-of-town trips that often involved overnight stays.

During 2001, petitioner lived in an old house that had been converted into several apartments. Petitioner rents one of the apartments from the owner of the house and, as relevant here, during 2001, paid rent and utilities expenses in the amounts of $16,625 and $1,173, respectively. Petitioner's apartment occupies portions of two levels of the house, and in addition to hallway spaces, consists of at least six distinct rooms that spread out over approximately 1,570 square feet. Petitioner estimates that at least 776 square feet (49.40 percent of the apartment) was used exclusively for business purposes.

Petitioner and his spouse, who is not a party to this proceeding, filed a timely joint 2001 Federal income tax return (petitioner's return). Petitioner's return includes a Schedule A, Itemized Deductions, and a Schedule C, Profit or Loss From Business. Expenses attributable to petitioner's employment with

Brookline are deducted as part of the miscellaneous itemized deduction claimed on the Schedule A.

The Schedule C shows petitioner's "principal business or profession" as "music performance and production," and expenses attributable to petitioner's various activities as a music instructor and performing artist, including home office expenses, are deducted on this schedule.

In the notice of deficiency that forms the basis for this case various adjustments, some in petitioner's favor, are made to the above-referenced deductions. There is no point in providing the detail of those adjustments here because the parties, much to their credit, have by their agreements moved beyond the disputes suggested by those adjustments.

## Discussion

The extent to which the parties have reached agreement on many of the adjustments leaves us little to do other than examine the evidence presented, both in the form of documents and testimony, in order to determine whether petitioner has properly substantiated, and is therefore entitled to deductions for various expenses in excess of the amounts stipulated.

In so doing, we find that in addition to the amounts stipulated by the parties, petitioner is entitled to deductions for the following expenses in the following amounts: (1) Travel

- $561; (2) items included in the deduction for "other expenses"

- $1,385; and (3) home office - $6,500.

    To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.